RECEIVED
JUL 21 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

In the US District Court for middle ~~[illegible]~~ District of Tennessee Nashville Division

Cemal wade # 49945

V

Case # 3:26-cv 00798

Chad Youker, ET AL

Supplementel complaint and
Emergancy motion for injunctive Relief

Comes now **Cemal wade**, Hereby moves this court pursuant to 42 usc 2000 Religious Freedom Land use & Institutionalized persons act, 42 usc 1983, Religious Freedom restoration Act of 1993, and first amendment for emergency injunctive relief.

Issues & Facts

on or about January 18th 2025, williamson county sheriffs' office Jail staff seized all Bibles in the Jail. Inmates in general population & ~~segregation~~ segregation no longer had had access to physical Bibles or other religious books. Instead Jail officials have uploaded digital copies onto electronic Kiosk & tablets is limited and is used as a restricted form of punishment ~~[illegible]~~ Consistantly by Jail officials. Thus, a form of punishment Jail officials regulary obstruct access to practice religion or simply read the Bible on even well Known Christian Holidays such as Easter, Good Friday and Christmas.

PLAINTIFF IS A CHRISTIAN & HAS A DEEPLY HELD RELIGIOUS BELIEF TO READ THE CHRISTIAN HOLY BIBLE DAILY. PLAINTIFF IS ACTIVE IN THE RELIGIOUS CHRISTIAN COMMUNITY LEADING BIBLE STUDIES (WHEN BIBLES ARE AVAILABLE) AND WORKING AT HOPE CENTER MINISTRY AS WELL AS A REGULAR ATTENDEE AT THE CHURCH OF CHRIST. PLAINTIFF OBSERVES CHRISTIAN HOLIDAYS SUCH AS EASTER, CHRISTMAS, ETC. WHERE BIBLE TEACHINGS ARE DEEPLY HELD BELIEFS.

PURSUANT TO THE PRISON LITIGATION REFORM ACT, PLAINTIFF HAS EXHAUSTED ALL INTERNAL REMEDIES, GRIEVANCES, AND APPEALS OVER A [illegible] MONTH PERIOD WHERE ALL REQUEST TO HAVE A BIBLE WAS DENIED.

PLAINTIFF HAS OFFERED TO PAY ALL COST ASSOCIATED WITH OWNING A BIBLE. ACCESS TO READ A BIBLE & OBSERVE CHRISTIAN HOLIDAYS IS A RIGHT, NOT A PRIVILEGE. WHEN JAIL STAFF RESTRICTS & LIMITS ACCESS TO A BIBLE FOR HOURS, DAYS, WEEKS, OR MONTHS AS A FORM OF PUNISHMENT BY RESTRICTING ACCESS TO KIOSK OR TABLETS THEY VIOLATE RELIGIOUS EXERCISE.

PLAINTIFF IS SIMPLY SEEKING THE ABILITY TO OBTAIN A PHYSICAL BIBLE AT NO COST TO THE STATE. I.E. ENFORCE TCA 41-21-211 WHICH STATES "EACH INMATE SHALL BE FURNISHED A BIBLE, WHICH THE INMATE MAY BE PERMITTED TO PERUSE IN THE CELL AT SUCH TIMES AS THE INMATE IS NOT REQUIRED TO PERFORM PRISON LABOR."

## ARGUEMENT

SECTION 3 OF THE RELIGIOUS LAND USE & INSTITUTIONALIZED PERSON ACT OF 42 2000 (RLUIPA) STATES "NO GOVERNMENT SHALL IMPOSE A SUBSTANTIAL BURDEN ON THE RELIGIOUS EXERCISE OF A PERSON RESIDING IN OR CONFINED TO AN INSTITUTION," UNLESS THE BURDEN FURTHERS "A COMPELLING GOVERNMENT INTEREST" AND DOES SO BY "LEAST RESTRICTIVE MEANS" (CUTTER V WILKINSON, 544 U.S. 709 2005)

HERE THE PLAINTIFF IS A PRE TRIAL DETAINEE AT WCSJ WHERE ALL BIBLES WERE SEIZED. WCSJ HAS NO COMPELLING INTEREST & HAS CHOSEN THE "MOST" RESTRICTIVE MEANS IN LIMITING ACCESS TO A BIBLE WHILE GIVING JAIL STAFF CARTE BLANCHE GOVERNING AUTHORITY OF IF & WHEN ACCESS TO A BIBLE IS PREMITTED SAFETY & SECURITY ARE NON-FACTORS IN RELATION TO OWNING A BIBLE.
THE ACT DEFINES "RELIGIOUS EXERCISE" TO INCLUDE "ANY EXERCISE OF RELIGION, WHETHER OR NOT COMPELLED BY, OR CENTRAL TO, A SYSTEM OF RELIGIOUS BELIEF" § 2000 CC - 5(7)(A)

SEE 146 CONG REC S7774, S7775 JULY 27, 2000 SEN KENNEDY "WHETHER FROM INDIFFERENCE, IGNORANCE, BIGOTRY, OR LACK OF RESOURCES, SOME INSTITUTIONS RESTRICT RELIGIOUS LIBERTY IN EGREGIOUS & UNNECESSARY WAYS"

THE FREE EXERCISE CLAUSE REQUIRES GOVERNMENT RESPECT FOR & NON-INTERFERENCE WITH THE RELIGIOUS BELIEFS & PRACTICES OF OUR NATIONS PEOPLE.

AGAIN HERE, PLAINTIFF ASSERTS RESTRICTING ACCESS TO THE BIBLE IS THE EPITOME OF "INTERFERENCE WITH RELIGIOUS BELIEFS & PRACTICES..." PLAINTIFF IS NOT DEMANDING UNREASONABLE PHYSICAL ACTS, WORSHIP SERVICES OR PARTICIPATING IN SACRAMENTAL USE OF BREAD & WINE. THE DISCIPLINE, ORDER, SAFETY, AND SECURITY OF THE PENAL INSTITUTION IS NOT JEOPARDIZED IN ANY CAPACITY BY OWNING A BIBLE.

"FOR MORE THAN A DECADE, THE FEDERAL BUREAU OF PRISONS HAS MANAGED THE LARGEST CORRECTIONAL SYSTEM IN THE NATION UNDER THE SAME HEIGHTENED SCRUTINY STANDARD AS RLUIPA WITHOUT COMPROMISING PRISON SECURITY, PUBLIC SAFETY, OR THE CONSTITUTIONAL RIGHTS OF PRISONERS WHICH INCLUDED ACCESS TO BIBLES FOR ALL PRISONERS"... "WE DO NOT BELIEVE RLUIPA WOULD HAVE AN UNREASONABLE IMPACT ON PRISON OPERATIONS. COMPLIANCE IN NOT UNREASONABLE." (SEE JOINT STATEMENT S 7776 LETTER FROM DEPT OF JUSTICE TO SEN HATCH - KAY V BEMIS 500 F 3d 1214 10TH CIR 2007)

IT IS WELL SETTLED THAT "INMATES RETAIN PROTECTIONS AFFORDED BY THE FIRST AMENDMENT, INCLUDING ITS DIRECTIVE THAT NO LAW SHALL PROHIBIT THE FREE EXERCISE OF RELIGION (O'LONE V ESTATE OF SHABAZZ 482 US 342, 348 107 S. CT 2400 1987).

FIRST, PLAINTIFF ASSERTS THAT WCSO "SUBSTANTIALLY BURDENED HIS SINCERELY-HELD RELIGIOUS BELIEFS" BY SEIZING HIS BIBLE & RESTRICTING ACCESS TO THE KIOSK CONTAINING AN "E-BIBLE". (BOLES V NEET 486 F. 3d 1177, 1182 10TH CIR 2007)

PLAINTIFFS BELIEFS IN USING THE BIBLE ARE RELIGIOUS IN NATURE ¢ USE OF THE BIBLE IS CHRISTIAN RELIGION BELIEF IS SINCERELY HELD. SECONDLY, WCSO JAIL STAFF HAVE GIVEN NO LEGITIMATE PENOLOGICAL INTERESTS THAT JUSTIFY THE IMPINGING CONDUCT. (SNYDER V MURRAY CITY CORP 124 F3d 1349, 1352 1997)

- IN TURNER V SAFELY 482 US 78, 89-91 107 S CT 2254 1987 THE SUPREME COURT DETERMINED A FOUR (4) PRONGED TEST ON REASONABLENESS OF A REGULATION.

HERE (1) THERE IS NO RATIONAL CONNECTION EXISTS BETWEEN PRISON POLICY ¢ LEGITIMATE GOVERMENT INTEREST ADVANCED IN JUSTIFICATION (2) THERE IS ALTERNATIVE MEANS OF PROVIDING AN ACTUAL BIBLE EXERCISING THE RIGHTS AVAILABLE NOTWITHSTANDING THE POLICY (3) THERE IS NO EFFECT ACCOMMODATING THE EXERCISE OF THE RIGHT WOULD HAVE ON GUARDS, OTHER PRISONERS, ¢ PRISON RESOURCES AS OTHER BOOKS ARE ALLOWED IN THE JAIL, JUST NO BIBLES (4) THERE IS BUILT IN READY, EASY-TO-IMPLEMENT BOOK PURCHASE PROCESS ALTERNATIVE ALREADY EXIST THAT ACCOMMODATES THE PLAINTIFFS RIGHTS.

THUS, IT CAN EASILY BE CONSTRUED WCSO POLICY ¢ REGULATION IS NOT REASONABLE AND DIRECTLY CONTRADICTS OUR CONSTITUTIONS FREE EXERCISE OF RELIGION. PLAINTIFFS SINCERELY HELD CHRISTIAN BELIEFS HAVE BEEN ADVERSELY IMPACTED

THE USE OF A BIBLE IS "NECESSARY" TO PRACTICE RELIGION OF CHRISTIANITY AND "CENTRAL" TO RELIGIOUS DOCTRINE PURSUANT TO SUPPORT A CLAIM UNDER 42 USC 1983 (FREEMAN V ARPAIO 125 F 3d 732, 737 9TH CIR 1997) PLAINTIFF BELIEFS ARE BOTH "GENUINE" & "SINCERE" IS HIS USE OF THE BIBLE, BEING BOTH "SINCERLY HELD" & "CENTRAL" TO PRACTICE OF CHRISTIANITY USING A BIBLE IS CONSTITUTIONALLY PROTECTED. (KAY V BEMIS 500 F 3d 1214 10TH 2007)

FURTHERMORE, THE USE OF A BIBLE IS A NECESSITY TO PRACTICE RELIGION. RELIGIOUS SINCERITY - NOT NECESSITY - IS THE KEY COMPONENT IS SATISFYING A FREE EXERCISE CLAIM

THE DEFENDANTS DELIBERATE INDIFFERENCE WHILE ACTING UNDER THE COLOR OF THE LAW BRINGS RISE TO 42 USC 1983 CLAIM IN ADDITION, RETALIATION CLAIMS BY THE PLAINTIFF ARE BROUGHT UPON THE DEFENDANTS. WHILE ACTING UNDER THE COLOR OF THE LAW. THE DEFENDANTS ARE NOT "QUALIFIED IMMUNE" FROM LIABILITY AS THEY CLEARLY VIOLATED AN ESTABLISHED CONSTITUTIONAL RIGHT A REASONABLE PERSON WOULD KNOW

TO ESTABLISH A FIRST AMENDMENT RETALIATION CLAIM A PRISONER MUST PROVE THREE PRONGS (THADDEUS V BLATTER 175 F. 3d 378, 394, 6TH CIR 1999).

(6)

HERE PLAINTIFF (1) ENGAGED IN PROTECTED CONDUCT BY FILING A GRIEVANCE PURSUANT TO THE PRISON LITIGATION REFORM ACT UNDER THE RELIGIOUS LAND USE & INSTITUTIONALIZED PERSONS ACT ASKING FOR A BIBLE, (2) THE DEFENDANTS TOOK ADVERSE ACTION THAT WOULD DETER A PERSON OF ORDINARY FIRMNESS FROM CONTINUING TO ENGAGE IN THAT CONDUCT WHEN ALL BIBLES WERE REMOVED AND RESTRICTED ACCESS TO KIOSK/TABLETS WENT INTO EFFECT AFTER THE PLAINTIFF FILED HIS GRIEVANCE (I.E. ADVERSE ACTION). (3) THE ADVERSE ACTION WAS MOTIVATED AT LEAST IN PART BY THE PLAINTIFFS PROTECTED CONDUCT WHEN DEPUTY FAIRCHILD SAID, "KEEP FILING YOUR FUCKING GRIEVANCES ABOUT YOUR FAGGOT-ASS BIBLES & I WILL MAKE SURE YOU NEVER SEE A GOD DAMN BIBLE AGAIN, I WILL LOCK THE TABLETS SO YOUR FAGGOT-ASS CAN THINK ABOUT BEING BUTT FUCKED IN PRISON..." ACCESS TO TABLETS/BIBLES ON TABLETS WERE IMMEDIATELY RESTRICTED DUE TO RLUIPA GRIEVANCE. CAUSATION IN RETALIATORY CLAIMS MAY REALLY BE A 2-PART INQUIRY (KING V ZAMIARA, 680 F3d 686, 695 (7TH CIR 2012)) (A) ADVERSE ACTION WAS PROXIMATELY CAUSED BY AN INDIVIDUAL DEFENDANTS ACT (B) INDIVIDUAL TAKING THOSE ACTS WAS MOTIVATED IN PART BY A DESIRE TO PUNISH THE PLAINTIFF FOR EXERCISE OF A CONSTITUTIONAL RIGHT.

HERE THE PLAINTIFF REQUESTED A BIBLE VIA PROPER CHANNELS & PROCEDURE. DEPUTY FAIRCHILD'S ADVERSE ACTION WAS NOT ONLY CLEARLY RETALIATORY BY TAKING AWAY THE BIBLE ACCESS, BUT ALSO MOTIVATED BY A DESIRE TO PUNISH FOR ASKING TO READ THE BIBLE. THE HARM CAUSED BY THE DEPUTIES INTENTIONAL INFLICTION OF EMOTIONAL DISTRESS CAUSED ANXIETY & MENTAL ANGUISH.

CONCLUSION

DENIAL OF A BIBLE IS MORE THAN AN INCONVENIENCE AND ELIMINATING ALL BIBLES IS THE MOST RESTRICTIVE ALTERNATIVE WHICH IS INSUFFICIENT AND IMPRACTIBLE. (ROBERTSON V BIBY NO 15-3275 10TH CIR MAY 23, 2016)

WE MUST BE MINDFUL OF THE INTENT OF CONGRESS WHEN PASSING THE RLUIPA AS WELL AS THE INTENT OF OUR FIRST AMENDMENT. CURRENT JAIL POLICY RENDERS THE PLAINTIFF PRACTICALLY UNABLE TO EXERCISE HIS SINCERELY HELD RELIGIOUS BELIEFS, THIS IS NOT WHAT CONGRESS INTENDED WHEN ENACTING THE RLUIPA, NOR THE INTENT OF OUR FREE EXERCISE CLAUSE.

RESTRICTING ACCESS TO THE BIBLE AS A FORM OF PUNISHMENT IS AT THE NEXUS OF PLAINTIFF RETALIATION CLAIM. OUR FEDERAL BUREAU OF PRISONS ALLOWS INMATE BIBLES & COMPLIES WITH RLUIPA WITHOUT COMPROMISING PRISON SECURITY, SAFETY, OR CONSTITUTIONAL RIGHTS. HAVING A BIBLE IS AN ACTUAL STATE STATUTE & PROVIDES NO LEGITIMATE PENOLOGICAL INTEREST IN DENIAL OF A BIBLE INMATES ARE ALLOWED TO PURCHASE BOOKS VIA PRE-EXISTING POLICY THAT HAVE NO ADVERSE IMPACT ON THE STATUS QUO.

FINALLY, PLAINTIFF IS SIMPLY REQUESTING THAT INMATES ARE ALLOWED TO HAVE BIBLES PURSUANT TO PRE-EXISTING LAWS BOTH STATE & FEDERAL WITHOUT THE FEAR OF RETALIATION & PUNISHMENT BY RESTRICTING ACCESS TO THE BIBLE.

wherefore plaintiff prays for relief

1) That the court grant injunctive relief for inmates to have Bibles.

2) For All other relief deemed proper

Respectfully,

x Camel Wade

CAmel [illegible] wade

Certificate of Service

I hereby certify a true & exact copy was sent via US mail on 7/10/26 to Lisa Carson, Esq 408 Century Court Franklin, Tn. 37064

Respectfully,

x Camel Wade

Camel [illegible] wade

THE WILSON CO. JAIL HAS NEITHER
CENSORED NOR INSPECTED THIS
ITEM. THEREFORE, THE DEPARTMENT
DOES NOT ASSUME RESPONSIBILITY
FOR ITS CONTENT.
WILSON COUNTY SHERIFF'S OFFICE

THIS ENVELOPE IS RECYCLABLE AND MADE WITH 30% POST CONSUMER CONTENT

© USPS 2022

FSC MIX Envelope FSC® C137131

Cemal wade
105 East High
37087 Lebanon, TN

Postage Due $1.74




RECEIVED
JUL 21 2026
U.S. DISTRICT COURT
MIDDLE DISTRICT OF TN

Clerk. US. District Court
719 Church Street Suite 1300
Nashville, Tn 37203